IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

CARRIE DOSS,                    :

    Plaintiff,               :

vs.                             :     CA 07-0375-C

MICHAEL J. ASTRUE,              :
Commissioner of Social Security,
                                :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 16 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 17 (order of reference)) Upon consideration of

the administrative record, plaintiff's proposed report and recommendation, and the Commissioner's proposed report and recommendation,[1] it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[2]

Plaintiff alleges disability due to a left leg injury and pain, borderline intellectual functioning, and depression. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3. The claimant has severe impairments, including status post left tibia, fibula and medial malleolar fracture.
>
> 4. The claimant's impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> 5. The claimant's allegations of pain and functional limitations are not credible.
>
> 6. The claimant retains the residual functional capacity to perform the exertional requirements of sedentary activity.
>
> 7. The claimant cannot perform any past relevant work.
>
> 8. The claimant has been a younger individual at all times

---

[1] The Court has decided this case based upon the written record without the benefit of oral argument. (*See* Doc. 23 (order cancelling oral argument))

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (Doc. 16 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

relevant to this decision.

9. The claimant completed high school on May 24, 1983, and completed certified nursing training on March 15, 2003.

10. The transferability of any acquired work skills is not a material issue.

11. The framework of Rules 201.28 and 201.29 of the Medical-Vocational Guidelines and vocational expert's testimony demonstrate that the claimant has the residual functional capacity to perform jobs that exist in significant numbers in the national economy. The vocational expert provided a representative sampling of such jobs including Dispatcher (semi-skilled, sedentary) with 2,800 jobs regionally and 134,000 jobs nationally, Factory Worker (unskilled, sedentary) with 3,200 jobs regionally and 338,000 jobs nationally, and Prod. Assembly (unskilled, sedentary) with 12,800 jobs regionally and 662,000 jobs nationally.

12. The claimant is not disabled within the meaning of the Social Security Act.

(Tr. 25-26) The Appeals Council affirmed the ALJ's decision (Tr. 4-7) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical

facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform sedentary work activity, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the the following errors were made: (1) the ALJ erred in rejecting the opinions of the treating physician, Dr.

Judy C. Travis; (2) the ALJ erred in failing to fully and fairly develop the record by re-contacting the treating physician for clarification of her records; (3) the ALJ erred in failing to fully and fairly develop the record by ordering a consultative examination; (4) the ALJ erred in assigning a residual functional capacity without the support of any treating or examining physician; and (5) the Appeals Council erred in failing to remand in light of additional evidence submitted to it. Because the ALJ's residual functional capacity determination is not supported by substantial evidence,[3] this Court need not reach the remaining issues raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given her age, education and work history, if any, "and

---

[3] This finding reaches the ALJ's evaluation of plaintiff's mental impairments as well. In this case, the ALJ failed to evaluate Doss' mental impairments in the manner prescribed by the Commissioner's own regulations, 20 C.F.R. §§ 404.1520a and 416.920a (2007), as well as controlling case law in the Eleventh Circuit, *see Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005). Therefore, this case need be remanded for the ALJ's proper analysis of plaintiff's mental impairments.

5

this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted). The means by which the Commissioner meets this burden include use of the grids and reliance on vocational expert testimony. *See id*. at 1201-1202.

In this case, the ALJ made the following finding: "The claimant retains the residual functional capacity to perform the exertional requirements of sedentary activity." (Tr. 25, Finding No. 6) The ALJ then proceeded to find that the framework of Rules 201.28 and 201.29 of the grids, along with the vocational expert's testimony, directed a finding that plaintiff was not disabled since there exist a significant number of sedentary jobs in the national economy that plaintiff can perform. (Tr. 26, Finding No. 11) The ALJ's reliance upon the framework of the grids and the vocational expert's testimony to satisfy the Commissioner's fifth-step burden necessarily stands and falls upon his determination that Doss retains the residual functional capacity to perform the exertional and non-exertional requirements of sedentary work.

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) & 416.967(a) (2007). Social Security Ruling 83-10 provides that "'[o]ccasionally' means occurring from very little up to one-third of the time. Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." *Id.*

As is clear from the foregoing discussion, in this circuit the burden is upon the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). This Court has held on numerous occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence or otherwise, where available, by the residual functional capacity assessment of a non-examining, reviewing physician,[4] *see, e.g., Sharp v. Barnhart*, CA 01-0325-BH-C, but instead must be supported by the residual functional capacity assessment of a treating or examining physician. Such an assessment is particularly warranted where, as here, the ALJ has rejected the only physical

---

[4] The opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990).

RFC assessment in the record. (*See* Tr. 23) The ALJ specifically rejected the physical medical source statement and clinical assessment of pain form completed by plaintiff's treating physician, Dr. Judy Travis. (*Compare id. with* Tr. 168-171) Dr. Travis' physical medical source statement alone establishes that plaintiff cannot perform sedentary work (*id*. at 168), as acknowledged by the vocational expert (Tr. 209-210). Having rejected Travis' physical RFC assessment, the ALJ necessarily had to point to another PCE which supported his fifth-step determination that plaintiff can perform sedentary work activity. Because this record contains no physical RFC assessment, other than the rejected RFC completed by Dr. Travis, there is simply no basis upon which this Court can find that the ALJ's sedentary work determination is supported by substantial evidence. There is no evidence whatsoever which establishes that plaintiff can perform the physical requirements of sedentary work[5] and,

---

[5] In addition, there is no evidence which establishes that plaintiff can perform the mental requirements of sedentary work. In this regard, the ALJ rejected the only mental medical source statement completed by an examining physician, that is, Dr. Donald W. Blanton's RFC assessment (*Compare* Tr. 23 *with* Tr. 164-165 & Tr. 160-163), with no contrary assessment contained in the record. The ALJ's rejection of Blanton's assessment is grounded, in no small part, in his determination that plaintiff does not have a severe mental impairment (Tr. 21-22). The ALJ's "severity" analysis as it relates to plaintiff's mental diagnoses of depression and borderline intellectual functioning is deficient because the ALJ failed to follow the Commissioner's own regulations by attaching to his decision a PRTF or otherwise by performing the functional analysis contained in the Commissioner's regulations before making the determination that plaintiff's diagnosed mental impairments were not severe. 20 C.F.R. § 404.1520a(d)(1) & (2) (2007) ("After we rate the degree of functional limitation resulting from your impairment(s), we will determine the severity of your mental impairment(s). (1) If we rate

certainly, an ALJ's RFC determination must be supported by substantial and tangible evidence, not mere intuition or conjecture regarding what a physician's clinical findings equate to in terms of physical abilities. *Cf. Cole v. Barnhart*, 293 F.Supp.2d 1234, 1242 (D.Kan. 2003) ("The ALJ is responsible for making a RFC determination, and he must link his findings to substantial evidence in the record and explain his decision.").

The Commissioner has not satisfied his fifth-step burden of proving that Doss is capable of performing other work existing in significant numbers in the national economy and therefore, the Commissioner's decision denying claimant benefits is reversed and remanded for further proceedings not inconsistent with this decision.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to

---

the degree of your limitation in the first three functional areas [activities of daily living; social functioning; and concentration, persistence, or pace] as 'none' or 'mild' and 'none' in the fourth area [episodes of decompensation], we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities . . . . (2) If your mental impairment(s) is severe, we will then determine if it meets or is equivalent in severity to a listed mental disorder."); *see also* 20 C.F.R. § 416.920a(d)(1) & (2) (2007) (same). It appears to the Court that the reason the ALJ did not perform the foregoing analysis before determining the severity of plaintiff's mental impairments, as required, is because he had no mental medical source statement to rely upon to properly perform the analysis. This error must be corrected on remand.

sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 20th day of December, 2007.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**